## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JENNIFER COLE** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. **PJM 15-904** |
| | * | |
| **BANK OF AMERICA, N.A.** | * | |
| | * | |
| Defendant | * | |
| | * | |

## MEMORANDUM OPINION

Jennifer Cole brought this suit, ostensibly *pro se*, against Defendant Bank of America, N.A. ("Bank of America") alleging breach of contract based on the Bank's failure to return her satisfied Promissory Note, per the terms of a Deed of Trust.   Bank of America has moved to dismiss the suit as moot, or in the alternative, for failure to state a claim.   ECF No. 18.   The Court, finding that counsel for Bank of America has given Cole fair opportunity to physically retrieve the Note, will **GRANT** the Motion and **DISMISS** this suit as moot.

## I.

According to the First Amended Complaint,[1] Cole obtained a mortgage loan on April 9, 2004 from Bank of America, in order to refinance her property located at 12601 King Arthur Court, Glenn Dale, Maryland.   *Id.* ¶ 6.   She signed a Note and executed a Deed of Trust, *id.* ¶ 6, which included a provision stating that when the debt would be satisfied, the lender was obliged to mark the Note "paid" and return it to the borrower. *Id.* ¶¶ 2–3; *see* ECF No. 18-2 ¶ 23 (original Deed of Trust).   Cole alleges that she paid the loan in full on November 8, 2007, when she

---

[1] This pleading was actually styled "First Amended Class Action Complaint and Jury Demand."   Because of its striking similarity to other "*pro se*" pleadings filed in this Court, *see Bullock et al. v. Pulte Home Corp.*, Civ. No. 15-0903-PJM, there is reason to believe that some individual—possibly not an attorney—may have been involved in preparing this pleading.

refinanced the property, and that Bank of America executed a Certificate of Release to that effect, stating that the Deed of Trust was released on November 11, 2007.  ECF. No. 17 ¶ 8. Cole alleges, however, that the Promissory Note was never returned, per the terms of the Deed of Trust.  *Id.* ¶¶ 10–11.

Cole filed a *pro se* complaint against Bank of America for breach of contract in the Circuit Court for Prince George's County, on behalf of herself and a putative class.  ECF No. 2 ¶¶ 1–3.  Bank of America removed the case to this Court on March 30, 2015, ECF No. 1, and, on April 27, 2015, moved to dismiss the suit. ECF No. 11. On May, 20, 2015, Cole filed a First Amended Complaint, ECF No. 17, which Bank of America has moved to dismiss for lack of subject matter jurisdiction, asserting that the claim is either moot, or, in the alternative, that a cognizable claim has not been stated.  ECF No. 18.

## II.

Under Federal Rule of Procedure 12(b)(1), a party may move for the court to dismiss a suit where the court lacks subject matter jurisdiction over the claims alleged in the complaint.  If the complaint is moot, then it "cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it." *In re Halkas*, No. CIV A 2006-2744, 2007 WL 187798, at *2 (D. Md. Jan. 22, 2007) (quoting *Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1329, 1332 (11th Cir.2005)) (internal quotation marks omitted). One circumstance in which a claim is rendered moot occurs when "the claimant receives the relief he or she sought to obtain through the claim." *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002).  For the purposes of determining subject matter jurisdiction, the court may consider evidence outside of the pleadings.  *See Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999).

Bank of America moves to dismiss the suit for lack of subject matter jurisdiction under Rule 12(b)(1), asserting that Cole's claim was mooted when Bank of America complied with her request for the return of the Note.  ECF No. 18 at 4–5.

The Court agrees.  Cole has sustained no cognizable damages from Bank of America's purported failure to return the Note, so her claim is limited to a request for specific performance.

Counsel for Bank of America has stated in an affidavit that on April 27, 2015, he sent a correspondence to Cole, indicating that Bank of America would return the Note to her marked "paid."  ECF Nos. 18 at 4–5; 18-5 ¶ 4.  On May 4, 2015, counsel sent a second correspondence to Cole with the same message.   ECF No. 18-5 ¶ 5.  Cole responded on May 11, 2015 that she would come to defense counsel's office in Baltimore, Maryland to pick up the Note herself.  *Id.* ¶ 7.  On May 12, 2015, counsel requested that Cole indicate the date she would retrieve the Note, so that he could make the necessary arrangements. *Id.* ¶ 8.  He attests that she never responded. *Id.* ¶ 9.  Instead, on May 20, 2015, Cole filed the First Amended Complaint in this Court, alleging that Bank of America had failed to return the Note, and requesting relief, including specific performance.  *See* ECF No. 17 ¶¶ 1–3.

In her Opposition to Bank of America's Motion to Dismiss, Cole does not dispute the correspondence that the Bank's counsel attests to in his affidavit. *See* ECF No. 21.  Instead, she incorrectly asserts that the Court cannot consider counsel's affidavit in the context of a Motion to Dismiss.  *See Evans*, 166 F.3d at 647 ("When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), the district court . . . may consider evidence outside the pleadings . . . .") (internal quotation marks omitted).

The Court finds that Bank of America's compliance with Cole's claim for the return of the Note has mooted this suit, and, as a result, the Court lacks subject matter jurisdiction over the suit.

## III.

Accordingly, Bank of America's Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 18, is **GRANTED**, and Cole's suit for breach of contract is **DISMISSED.**

A separate Order will **ISSUE.**


_____/s/_____
**PETER J. MESSITTE**
**UNITED STATES DISTRICT JUDGE**

**February 17, 2016**