IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JENNIFER COLE** | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| v. | * | Civil No. **PJM 15-904** |
| | * | |
| **BANK OF AMERICA, N.A.** | * | |
| | * | |
| Defendant | * | |
| | * | |

**MEMORANDUM ORDER**

Plaintiff Jennifer Cole, purportedly *pro se*, has moved pursuant to Rule 59(e) to alter or amend the Court's Memorandum Opinion and Order dismissing the suit against Defendant Bank of America, N.A. ("Bank of America"). ECF No. 25.

Cole brought this suit for breach of contract against Bank of America, alleging the Bank failed to return her satisfied Promissory Note, marked "paid," per the terms of a Deed of Trust. The Court—finding that counsel for Bank of America had given Cole fair opportunity to physically retrieve the Note in April and May 2015, after which Cole continued to litigate this suit—dismissed the suit as moot.

In Cole's Rule 59(e) Motion, she claims that she has "new evidence" that on August 10, 2015—prior to the Court's dismissal of this suit—she sent an email requesting that Bank of America "Please FedEx it [the Note] to 12601 King Arthur Court, Glenn Dale, MD 20769." ECF No. 25 at 1; Ex. 1. She states that Bank of America never responded or returned the Note, which she asserts constitutes a continued breach of contract. Bank of America states in response that it received the August 10, 2015 email and prepared the Note to be returned. But due to an administrative error, the Note was not sent, but instead was securely retained by the Bank's

counsel. When Cole filed the present Motion on March 16, 2016, counsel became aware of the administrative error, and sent the Note via Federal Express on March 28, 2016. ECF No. 26 at 3; Ex. 1. Cole did not file a reply or dispute that she did, in fact, received the Note.

Cole's Rule 59(e) Motion also argues that the suit is not moot because she suffered nominal damages and "out-of-pocket damages." Bank of America counters that Cole simply raises the same arguments she did in opposing the Motion to Dismiss.

A final judgment may be altered or amended pursuant to Rule 59(e) in only three limited circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). A Rule 59(e) Motion may not be used to present legal arguments that could have been raised prior to the issuance of the judgment. *Id.*

Cole has failed to raise one of the three limited circumstances in which the Court may consider a Motion to Alter or Amend under Rule 59(e). First, as to her argument of "new evidence" that Bank of America did not return the Note, this email was available to her for several months prior to the Court's dismissal of the suit. Further, Cole does not now contest that Bank of America has finally returned the Note as of March 28, 2016. Second, as to her argument that the suit is not moot because she has a claim for nominal and "out-of-pocket" damages, Cole already briefed this argument in her opposition to Bank of America's Motion to Dismiss. The Court rejected that argument when it dismissed the suit as moot, and Cole has failed to persuade as to any "clear error of law" or "manifest injustice."

Accordingly, it is hereby **ORDERED** that Cole's Motion to Alter or Amend Pursuant to Rule 59(e), ECF No. 25, is **DENIED**.

_____/s/_____  
**PETER J. MESSITTE**  
**UNITED STATES DISTRICT JUDGE**

**August 10, 2016**